UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MITCHELL BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:13-cv-00287-LJM-WGH |
| ) | |
| BRIAN DAWSON ) | |
| Defendant. ) | |

## ORDER

Plaintiff Mitchell Barnes ("Plaintiff Barnes") filed his complaint against Defendant Brian Dawson ("Defendant Dawson" or "Dawson") in August of 2013. After appropriate Court screening, his Court-ordered Amended Complaint was filed in November. After several failed attempts to secure waiver of service, the Clerk of the Court issued a summons, which the Marshal served upon Defendant Dawson on October 21, 2014. Defendant Dawson did not respond to the Amended Complaint.

Plaintiff Barnes moved for and was granted an Entry of Default against Defendant Dawson on January 18, 2015. Defendant Dawson was served with the Entry of Default at his place of employment, the Vigo County Sheriff's office. Defendant Dawson was then sent an order from this Court dated April 7, 2015, setting a Status Conference. This order was also sent to his place of employment. Defendant Dawson did not attend.

On June 22, 2015, the Court received notice from the Vigo County Sheriff's office that Dawson had left the Sheriff's office on April 14, 2015; the Sheriff's office also gave the Court Dawson's Vigo County address. As a result of the filing of the change of address, on June 29, 2015, the Court mailed the docket sheet, the Amended Complaint,

the return of service, the entry granting the Motion for Clerk's Entry of Default, a January 28, 2015, entry regarding a request for the entry of a default judgment, indication that an evidentiary hearing would be necessary to determine the amount of damages, and a minute entry from a magistrate judge conference setting a damages hearing on the Motion for a Default Judgment for September 22, 2015.

This Court held the damages hearing on September 22, 2015, as scheduled and rendered judgment in Plaintiff Barnes' favor in the amount of $75,000.00 compensatory and $150,000.00 punitive damages. Defendant Dawson did not attend, nor did he ever file a pleading of any kind in this matter. The next day, on September 23, 2015, the Court entered Judgment in favor of Plaintiff Barnes and against Defendant Dawson.

On October 22, 2015, Defendant Dawson, by counsel, entered an appearance and has moved to have the default judgment set aside, has asked for a new trial, and has asked that this Court reconsider its order and judgment of default. Dawson seeks to invoke the benefits of Rules 60(b), 59(a) and 59(e) of the Federal Rules of Civil Procedure ("Rules 60(b), 59(a) and 59(e)"); but the provisions of Rule 59 do not apply here. The appropriately invoked rule is Rule 60(b) as referred to by Rule 55(c). Under Rule 60(b), Defendant Dawson must establish mistake, surprise, or excusable neglect. In addition he must demonstrate a meritorious defense.

Defendant invokes the surprise and the excusable neglect provisions of the Rule. Defendant Dawson asserts that he was surprised by the entry of default judgment and that his failure to respond to the notices from the Court is a result of excusable neglect. Dawson acknowledges being served with Plaintiff Barnes' Amended Complaint on October 21, 2014. He gave the papers to the Sheriff's office manager and believed the

papers would be forwarded to the Sheriff's attorneys for processing and that the County would provide him with representation. He did not check at any time with either the Sheriff's office, the County Attorney's office, or with anyone else about the progress of the case. He asserts further that he was unaware that the suit named him as a defendant in his individual capacity. He alleges that the reference in the complaint to him as Sheriff Dawson confused him. He asserts that he justifiably relied upon this procedure and justifiably relied upon the County Attorney to provide his defense. Defendant Dawson asserts that the only notice he ever received of this case was the service of the Amended Complaint by the U.S. Marshal's service and the notice of damage hearing he received after the hearing had been held. Further, he provides his affidavit in support of his meritorious defense.

Precedential law in the Seventh Circuit is not sympathetic to Defendant Dawson. Dawson cites *Cracco v. Vitran Express. Inc.*, 559 F.3d 625 (7th Cir. 2009), for the proposition that the Seventh Circuit favors a trial on the merits over a default judgment. *Cracco* did not involve a default judgment as in the case at bar. *Cracco* dealt with an Entry of Default for failure to respond to a complaint; the court found excusable neglect in the failure to ensure that the service of process on a registered agent did not get to the appropriate employee in time to get an answer on file before the time expired. Additionally, the defendant in *Cracco* got its response on file and its motion to set aside the entry within eight days. Also, in *Cracco*, no other notices went to the defendant other than the complaint. The failure of the defendant to respond caused very little or no prejudice to the plaintiff and the court had no time expended in the case as yet, no conferences, no motions and no hearings.

As the court in *Cracco* points out, "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test 'is more liberally applied in the Rule 55(c) context.'" *United States v. Di Mucci,* 879 F.2d 1488, 1495 (7th Cir.1989)." *Cracco*, 559 F.3d at 631. Looking at cases addressing post judgment treatment of default judgments, the Seventh Circuit does not disfavor a denial of a motion to set aside a default judgment. Plaintiff Barnes points the Court to *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir. 1986), and *C.S.K. Engineers v. White Mountain Gypsom Co.*, 726 F.2d 1202, 1206 (7th Cir. 1984), for the proposition that once an Entry of Default becomes an Entry of Judgment, judicial concerns change and relief from a default judgment, then "must be perceived as an exceptional remedy." *C.S.K. Eng'rs*, 726 F.2d at 1206.

*Pioneer Inv. Services Co. v Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1994), provides the analytical frame work of today's ruling. Therein, the Supreme Court said, "[W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to [the non-moving parties], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

The question boils down to whether giving the Amended Complaint in this case to an administrative official in the Vigo County Sheriff's office, trusting in his own perception of a custom that papers of a legal nature were turned over to the County Attorney who would then represent him, can be considered under existing Seventh Circuit precedent as excusable neglect and that any disposition of the case in his absence would be a

surprise. Under the circumstances, the Court cannot consider Defendant's Dawson's failure to participate "excusable neglect." First, this is not a case where Dawson had no knowledge of the allegations against him because he admits he received the Amended Complaint and understood it to claim that he had done something at work to harm Plaintiff Barnes. Second, his claim that he never received the Entry of Default and notice of the damages hearing is not credible in light of the fact that the Court never received notice that the mail it sent to him was undeliverable. Even if it was credible, the failure to receive the notice is not an excuse because Rule 5(a)(2) makes clear that "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2). Third, Defendant Dawson's reliance on a Sheriff's office clerk and his own assumptions about how such a complaint would be handled is not excusable; a defendant must make some effort to follow up and ensure that his interests are being represented. *See Colonial Penn Life Ins. Co. v. Assured Enters., Ltd.*, 151 F.R.D. 91, 93-94 (N.D. Ill. 1993); *see also Blanchard v. Cortes-Molina*, 453 F.3d 40, 42-45 (1st Cir. 2006); *Gibbs v. Air Canada*, 810 F.2d 1529, 1531-32, 1538 (11th Cir. 1987). This is particularly true in light of the fact that Defendant Dawson has been sued before as a Vigo County Jail Officer and was familiar with litigation procedure. *See James v. Ewing*, Cause No. 84D01-1301-CT-0200 (Vigo County Superior Court 1). Here, Defendant Dawson did nothing to follow up and this Court will not condone his ostrich-like behavior. *Accord Nelson v. City Colleges of Chi.*, 962 F.2d 754, 756 (7th Cir. 1992) (refusing to set aside a judgment and stating that "a client must exercise reasonable diligence in checking with his counsel and monitoring developments in the litigation. . . . '[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted.'"

(quoting *Zuelzke Tool & Eng'g Co.v. Anderson Die Castings*, 925 F.2d 226, 229 (7th Cir. 1991))); *Tolliver v. Northrup Corp.*, 786 F.2d 316, 317-18 (7th Cir. 1986) (stating that "when 'the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and [expedition] prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a Rule 60(b) motion.'" (quoting *C.K.S. Eng'rs*, 726 F.2d at 1205)).

Finally, even though Defendant Dawson has failed to evidence any excusable neglect or good faith, under the test in *Pioneer*, Plaintiff Barnes would be prejudiced by re-starting the litigation and spent judicial resources would be wasted. Plaintiff Barnes successfully navigated the procedural hurdles for establishing a claim pursuant to 42 U.S.C. § 1983, and diligently pursued his claim against Defendant Dawson for over a year and a half. In addition, the Clerk of Court spent considerable time effectuating service on Defendant Dawson, the Magistrate Judge spent time preparing the case for a damages hearing, and the Court held a hearing at which testimony was taken and a decision rendered. To set aside the considered judgment of the Court after almost two years of litigation would frustrate the purpose of the procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."

For these reasons, Defendant Brian Dawson's Motion to Set Aside Default Judgment, Motion to Reconsider and/or Motion for New Trial is **DENIED**. Plaintiff Mitchell Dawson's counsel shall file a supplemental motion for attorney fees and expenses on or before March 1, 2016.

IT IS SO ORDERED this 29th day of January, 2016.

Distribution attached.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

David William Sullivan
COX ZWERNER GAMILL & SULLIVAN
dsullivan@coxlaw.net

Minh Chung Wai
GONZALEZ SAGGIO & HARLAN LLP
mcwai@kopkalaw.com

Sheri Bradtke McNeil
KOPKA PINKUS DOLIN PC (Crown Point)
sbmcneil@kopkalaw.com

Samuel Mark Adams
MICHAEL K. SUTHERLIN & ASSOCIATES
msutherlin@gmail.com

Michael K. Sutherlin
MICHAEL K. SUTHERLIN & ASSOCIATES, PC
msutherlin@gmail.com